IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ULTRASONIC POWER CORPORATION, an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-CV-50308 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| CLEANING TECHNOLOGIES GROUP, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Ultrasonic Power Corporation, through its attorneys, for its declaratory judgment complaint against Defendant Cleaning Technologies Group, LLC, alleges as follows:

### NATURE OF THE CASE

1.      This is a declaratory judgment action in a trademark dispute that implicates rights arising under the Lanham Act, 15 U.S.C. § 1051 et seq.  Defendant Cleaning Technologies Group, LLC ("CTG"), the owner of the upSWEEP® trademark, has demanded that Plaintiff Ultrasonic Power Corporation ("Ultrasonic Power") "forever cease and desist all use and intended use" of one of Ultrasonic Power's "UP-" family of marks, namely UP-Sweep™, threatening to "move forward with enforcement procedures" if Ultrasonic Power does not comply with CTG's demands.  Ultrasonic Power does not wish or plan to "cease and desist" use of UP-Sweep™ because it does not infringe any protectable interest or right of CTG.

### PARTIES

2.      Ultrasonic Power is an Illinois corporation having a principal place of business located at 239 E. Stephenson Street, Freeport, Illinois 61032.

3.      Upon information and belief, CTG is a Delaware limited liability company with a principal place of business located at 4933 Provident Drive, Cincinnati, Ohio 45246.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Ultrasonic Power's request for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Subject matter jurisdiction also exists under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (acts of Congress related to trademarks), and, upon information and belief, 28 U.S.C. § 1132 (diversity of citizenship).

5.      This Court has personal jurisdiction over CTG because the injury to Ultrasonic Power from the threat by CTG will be felt mainly in Illinois, where Ultrasonic Power is located, and because CTG regularly solicits business through attendance at industry trade shows in Illinois, including the International Manufacturing Technology Show in 2016, hosted in Chicago, Illinois, and the Route 66 (Safety-Kleen) show in 2017, hosted in Joliet, Illinois.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events giving rise to the claim have occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and because CTG was subject to personal jurisdiction in this District at the time the action was commenced.

## FACTS

7.      Founded in 1972, the Freeport-based Ultrasonic Power is a leading global ultrasonic cleaning equipment company.

8.    Since its founding, Ultrasonic Power has designed, developed, manufactured, and distributed standard and custom ultrasonic systems, generators, and transducers for thousands of diverse cleaning applications.

9.    Ultrasonic Power is a "Made in the U.S.A.," industry-leading manufacturer, providing products to serve the aerospace, automotive, construction, electronics, energy, food processing, marine, orthopedic, pharmaceutical, and semiconductor industries, among others.

10.    Ultrasonic Power generally sells its products to highly sophisticated consumers, from small manufacturers to large OEM manufacturers to government agencies.

11.    A wide array of Ultrasonic Power's products can be found on its website, located at www.upcorp.com.

12.    For many years, Ultrasonic Power has used a family of "UP-" marks, the "U" standing for "Ultrasonic" and the "P" standing for "Power."

13.    This family of "UP-" marks includes the UP-Sweep™ mark, which Ultrasonic Power has used since 2010.

14.    In association with each use of its UP-Sweep™ mark, Ultrasonic Power uses its primary house mark, "Ultrasonic Power Corporation and Design," or its corporate name.

15.    On March 29, 2017, years after Ultrasonic began using its UP-Sweep™ mark, Ultrasonic Power received its first cease and desist letter from counsel for CTG, which is attached hereto as **Exhibit A**.

16.    Upon information and belief, CTG is a supplier of aqueous parts washers and ultrasonic cleaning systems, including ultrasonic generators, to industrial and precision manufacturers.   CTG maintains a website at www.ctgclean.com.

17.     CTG's March 29 letter notes that CTG owns the upSWEEP® mark, that Ultrasonic Power's use of the UP-Sweep™ mark violates the Lanham Act (15 U.S.C. § 1114(1)(a) and 1125(a)(1)(A)) and "both Ohio and Illinois state and common law" (Ohio Revised Code 4165.02; 815 ILCS 510/2(a)).

18.     CTG's March 29 letter goes on to demand that Ultrasonic Power "and any affiliated parties immediately and forever cease and desist all use and intended use of the 'UP-Sweep' mark, or any similar mark, including but not limited to immediately and forever ceasing: (1) use of "UP-Sweep' as an identification of source for your goods and services; (2) use of 'UP-Sweep' in advertising and marketing materials; (3) use of 'UP-Sweep' in promotional campaigns; (4) and other uses of 'UP-Sweep' or another term confusingly similar to the UPSWEEP Mark."

19.     Notably, CTG's March 29 letter fails to identify any actual confusion between the UP-Sweep™ and upSWEEP® marks, despite their simultaneous existence in the market place for several years.

20.     On April 6, 2017, Ultrasonic Power responded to CTG's cease and desist demands.  That response letter is attached hereto as **Exhibit B**.

21.     Ultrasonic Power's counsel informed CTG that its upSWEEP® mark must be canceled because it is "generic." As Ultrasonic Power's counsel explained to CTG, the term "upsweep" is a generic term for the "upward sweeping of frequency, power, or other parameter of an electric circuit."

22.     Ultrasonic Power's counsel also informed CTG that there has been no actual confusion between the UP-Sweep™ and upSWEEP® marks, that certain other matters preclude a finding that use of the UP-Sweep™ mark "is likely to cause confusion," and that the marks themselves are distinct.

37456386                                    4

23.     Ultrasonic Power's counsel concluded the April 6 letter by stating that, "assuming this matter between our clients is closed, [Ultrasonic Power] would prefer instead to allow both companies to focus their efforts and resources on continuing to supply quality products in their various markets."

24.     For over five months following delivery of the April 6 letter, Ultrasonic Power heard no response from CTG and presumed, based on the positions provided in the April 6 letter, the matter was closed.  Ultrasonic Power openly continued its normal business operations related to the UP-Sweep™ mark without further comment from CTG during this period and without any confusion among applicable consumers.

25.     On September 26, 2017, CTG announced that it still intended to pursue its demands against Ultrasonic Power notwithstanding its months of silence.  CTG's September 26 letter is attached hereto as **Exhibit C**.

26.     In its September 26 letter, CTG specifically stated that if Ultrasonic Power did not agree to its demands, "CTG is prepared to move forward with enforcement procedures."  CTG then gave Ultrasonic Power "ten (10) business" days to comply with CTG's demands.

27.     Ultrasonic Power does not intend to submit to CTG's demands.

**COUNT I**
**Declaratory Judgment –**
**CTG's upSWEEP® Trademark is Unenforceable**

28.     Ultrasonic Power hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1–27 of this Complaint as if fully set forth herein.

29.     Ultrasonic Power is the owner of the enforceable UP-Sweep™ mark.

30.     CTG is the owner of the upSWEEP® mark.

31.     CTG seeks to enjoin Ultrasonic Power from using its, years-old valuable UP-Sweep™ mark, based on CTG's upSWEEP® mark.

32.     CTG's upSWEEP® mark is unenforceable because "upsweep" is a generic term for an ultrasonic generator having circuitry therein that performs a frequency upsweeping during the cleaning process, and CTG's ultrasonic generators do just that.

33.     In fact, with respect to such circuitry, CTG uses "upsweep" in its generic sense no less than 20 times in one of its patents, U.S. Patent No. 6,016,821, though often misspelled "up-sweep" or "up sweep."

34.     CTG also uses "upsweep" generically in commerce.

35.     The upSWEEP® mark is unenforceable and must be canceled, and thus Ultrasonic Power is entitled to such a declaration.

36.     There exists a substantial and continuing actual controversy of sufficient immediacy between Ultrasonic Power and CTG to warrant the declaratory judgment Ultrasonic Power seeks.

## COUNT II
### Declaratory Judgment – Non-Infringement

37.     Ultrasonic Power hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1–35 of this Complaint as if fully set forth herein.

38.     CTG asserts that Ultrasonic Power's use of the UP-Sweep™ mark violates the Lanham Act, specifically 15 U.S.C. §§ 1114(1)(a) and 1125(a)(1)(A).

39.     The consumers of Ultrasonic Power and CTG's products are sophisticated entities.

40.     Ultrasonic Power never uses the UP-Sweep™ mark disassociated from its house mark, "Ultrasonic Power Corporation and Design," or corporate name.

41.     All of Ultrasonic Power's products are clearly identified as coming from Ultrasonic Power.

42.     The UP-Sweep™ and upSWEEP® marks have a visually distinct presentation.

43.     The UP-Sweep™ and upSWEEP® marks have a different pronunciation.

44.     The commercial impression of the UP-Sweep™ mark that uses the abbreviation "UP-" is simply that of another product provided by Ultrasonic Power.

45.     Ultrasonic Power's UP-Sweep™ is not a "colorable imitation" of CTG's upSWEEP® mark.

46.     Ultrasonic Power's UP-Sweep™ has not caused actual confusion, and is not likely to cause confusion, to cause mistake, or to deceive as to affiliation, connection, or association, or as to the origin, sponsorship, or approval of goods, services, or commercial activities.

47.     Ultrasonic Power is entitled to a declaration that it has not infringed and is not infringing the upSWEEP® mark or any other enforceable trademark right of CTG.

48.     There exists a substantial and continuing actual controversy of sufficient immediacy between Ultrasonic Power and CTG to warrant the declaratory judgment Ultrasonic Power seeks.

## COUNT III
### Declaratory Judgment –
### Illinois State and Common Law

49.     Ultrasonic Power hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1–47 of this Complaint as if fully set forth herein.

50.     CTG asserts that Ultrasonic Power's use of the UP-Sweep™ mark violates Illinois state and common law, specifically 815 ILCS 510/2(a)(1)–(3).

51.     Ultrasonic Power has not passed off its goods or services as those of CTG.

52.     Ultrasonic Power's use of the UP-Sweep™ mark has not caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

53.     Ultrasonic Power's use of the UP-Sweep™ has not caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

54.     Ultrasonic Power has not engaged in deceptive trade practices.

55.     Ultrasonic Power's use of the UP-Sweep™ has not violated any subparts of 815 ILCS 510/2(a) or Illinois common law, and thus Ultrasonic Power is entitled to such a declaration.

56.     There exists a substantial and continuing actual controversy of sufficient immediacy between Ultrasonic Power and CTG to warrant the declaratory judgment Ultrasonic Power seeks.

**COUNT IV**
**Declaratory Judgment –**
**Ohio State and Common Law**

57.     Ultrasonic Power hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1–55 of this Complaint as if fully set forth herein.

58.     CTG asserts that Ultrasonic Power's use of the UP-Sweep™ mark violates Ohio state and common law, specifically Ohio Revised Code 4165.02.

59.     Ultrasonic Power has not passed off its goods or services as those of CTG.

60.     Ultrasonic Power's use of the UP-Sweep™ mark has not caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

61.     Ultrasonic Power's use of the UP-Sweep™ has not caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

62.     Ultrasonic Power has not engaged in deceptive trade practices.

63.     Ultrasonic Power's use of the UP-Sweep™ has not violated any subparts of Ohio Revised Code 4165.02 or Ohio common law, and thus Ultrasonic Power is entitled to such a declaration.

64.     There exists a substantial and continuing actual controversy of sufficient immediacy between Ultrasonic Power and CTG to warrant the declaratory judgment Ultrasonic Power seeks.

## PRAYER FOR RELIEF

WHEREFORE, Ultrasonic Power asks this Court to enter judgment in its favor, declaring and ordering as follows:

A.     Order the Patent and Trademark Office to cancel CTG's upSWEEP® trademark;

B.     Declare that the CTG's upSWEEP® trademark is "generic," pursuant to 15 U.S.C. § 1065(4);

C.     Declare that the CTG's upSWEEP® trademark is "functional";

D.     Declare that the CTG's upSWEEP® trademark is unenforceable;

E.     Declare that Ultrasonic Power has not infringed and is not infringing any enforceable trademark right of CTG;

F.     Declare that Ultrasonic Power's use of the UP-Sweep™ mark does not violate Ohio's Deceptive Trade Practices Act, including Ohio Revised Code 4165.02, or Ohio common law;

G.      Declare that Ultrasonic Power's use of the UP-Sweep™ mark does not violate Illinois' Deceptive Trade Practices Act, including 815 ILCS 510/2(a), or Illinois common law;

H.      Declare that Ultrasonic Power need not cease and desist from using its UP-Sweep™ mark in commerce;

I.      Award Ultrasonic Power its reasonable attorneys' fees; and

J.      Order such other and further relief as may be just and equitable.

**JURY DEMAND**

Plaintiff Ultrasonic Power hereby demands and requests a trial by jury.


Dated this 4th day of October, 2017.

/s/ *Paul Stockhausen*_____
Paul Stockhausen
WI State Bar ID No. 1034225
pstockhausen@reinhartlaw.com
Jeffrey J. Makeever
IL State Bar ID No. 6244564
jmakeever@reinhartlaw.com
James M. Burrows
WI State Bar ID No. 1084705
jburrows@reinhartlaw.com
Reinhart Boerner Van Deuren p.c.
2215 Perrygreen Way
Rockford, IL 61107
Telephone:  815-633-5300
Facsimile:  815-654-5770

*Attorneys for Plaintiff Ultrasonic Power Corporation*

37456386